GUERLAIN, INC., Plaintiff, *v.* F. W. WOOLWORTH Co. (a Corporation) and NIPS, INC., Defendants.

Supreme Court, Special Term, New York County, August 9, 1939.

*L. G. Bernstein*, for the plaintiff.

*Davies, Auerbach, Cornell & Hardy* [*M. A. Schenck* and *W. J. Carr* of counsel], for the defendant F. W. Woolworth Co.

*Jeffery, Escher & Murray* [*J. F. Murray* of counsel], for the defendant Nips, Inc.

KOCH, J. This case involves a construction of section 2 of the New York Fair Trade Act, reading as follows:

" Willfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract

entered into pursuant to the provisions of section one of this act, whether the person so advertising, offering for sale or selling is or is not a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby."

The introductory paragraph of the act sets forth that it is " An Act to protect trade-mark owners, distributors and the public against injurious and uneconomic practices in the distribution of articles of standard quality under a distinguished trade-mark, brand or name."

The United States Supreme Court, in *Old Dearborn Distributing Co. v. Seagram Distillers Corp.* (299 U. S. 183), in passing upon a similar statute, said: " The primary aim of the law is to protect the property — namely, the good will — of the producer, which he still owns. The price restriction is adopted as an appropriate means to that perfectly legitimate end, and not as an end in itself."

The plaintiff, a producer and distributor of perfumes, here seeks to restrain the defendants from violating the contracts which it now has in effect in the State of New York. The litigation concerns itself particularly with a provision in such contracts that one dram *or less* (italics ours) of, for example, " Shalimar " perfume shall sell for one dollar and sixty cents. The defendants maintain that the plaintiff has no right to establish the same price for one dram of perfume as it does for less than one dram. The defendant F. W. Woolworth Co. is a large retail organization having many stores located in the State of New York and elsewhere. It admittedly is selling Shalimar perfume, a product of the plaintiff, in small containers at a price of ten cents. It purchases the perfume already sealed in the containers from the defendant Nips, Inc., which buys in the open market, as it alleges, the genuine product of the plaintiff and rebottles and repacks it by a patented process in small sealed ampules or containers. The containers bear a label reading as follows:

" N I P S
Perfumes
Genuine French Extracts
Guerlain's Shalimar
Rebottled by Nips, Inc., N. Y.
Wholly Independent of Guerlain."

The word " Nips " is in larger letters than any of the other words and the words " Rebottled by Nips, Inc., N. Y., Wholly Independent of Guerlain " are plainly printed, all in letters of the same size. The amount of perfume contained in each ampule is

about one-seventieth of a dram. It will thus be seen that the resale price to the public is seven dollars for a sufficient number of ampules to equal a dram as against the price of one dollar and sixty cents maintained by the plaintiff for " one dram or less." It seems to me that it cannot be seriously contended that the language employed by the plaintiff in its " Fair Trade " contracts fixing the price at which " Shalimar " can be sold at one dollar and sixty cents per " dram or less " can properly be interpreted to mean that persons having such contracts who intend to resell plaintiff's products may determine for themselves whether they will resell for one dollar and sixty cents one dram, or one-half dram, or one-quarter dram, or a lesser quantity. This would create a ridiculous situation amcrg the plaintiff's customers and plainly is not the meaning intended. It seems clear that the price of one dollar and sixty cents is for one dram of the perfume and the words " or less " are a means adopted by the plaintiff to attempt to prevent rebottling by fixing the same price for any quantity less than the smallest quantity it cares to have its customers deal in. From time immemorial the price of articles of the same quality and kind has been governed by the quantity. No perversion of basic trade usage and common sense should be permitted to enlarge the scope of the act in a manner never intended by the lawmakers. A careful choice of words calculated to convey an extraordinary meaning much desired by an interested party is not the method provided by law to amend a statute. It is common knowledge that fair trade legislation grew out of the efforts of various groups to prevent price-cutting. The question of limited quantities was not considered by the Legislature, nor was it suggested by any of the arguments advanced for the legislation. The act itself contains no reference to the subject. If the price set for one dram, therefore, is one dollar and sixty cents, and it is conceded that the price obtained on resale by the defendants is a number of times that amount, then, surely, there has been no price-cutting, and the language of section 2 of the act does not apply.

Further, the plaintiff has not shown damage, an essential factor under the provisions of the act. On the contrary, one might be justified in believing from the testimony adduced on this point that positive advantage has come to the plaintiff from the acts complained of. The power of the court to make available to the plaintiff the drastic remedy of injunction should not be exercised in such circumstances.

The above was written but not released before the decision on June 29, 1939, of the Appellate Division, First Department, in the case of *Lentheric, Incorporated,* v. *Grant Co.* (257 App. Div. 348)

was brought to the court's attention by the attorney for the plaintiff. This was followed by considerable correspondence between the attorneys for the purpose of presenting their views to the court on the interpretation that should be given the *Lentheric* case in so far as it related to the case at bar. The court has given consideration to the prevailing opinion and to the dissenting opinion and to the views of contending counsel, and has also in mind the doctrine of *stare decisis*, under which it might be argued that if the case at bar rested solely on the meaning of the " dram or less " provision, the relief sought by the plaintiff should be granted. The court believes, however, that the question of damage is vital to the success of the plaintiff, and, therefore, if only for that reason, the plaintiff cannot prevail.

In view of the controversial nature of the question involved the court has determined to include in this decision the matter originally written before the determination of the Appellate Division in the case of *Lentheric, Incorporated,* v. *Grant Co. (supra).*

The action is dismissed on the merits.

In the opinion of the court it is not necessary or proper that any affirmative relief in favor of the defendant Nips, Inc., should be granted in this action, and its counterclaim is, therefore, dismissed.

Settle findings and decision in accordance herewith.